Angela C. Agrusa (SBN 131337)
   aagrusa@linerlaw.com
Allen Lohse (SBN 236018)
   alohse@linerlaw.com
LINER LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024.3503
Telephone:  (310) 500-3500
Facsimile:   (310) 500-3501

Attorneys for Defendant
WHITEWAVE FOODS COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCY KRINSK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WHITEWAVE FOODS COMPANY; THE VONS COMPANIES, INC.; SAFEWAY INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **'14CV1984 GPC BLM**<br><br>(San Diego Superior Court, Case No. 37-2014-0026075-CU-CT-CTL)<br><br>**DEFENDANT WHITEWAVE FOODS COMPANY'S NOTICE OF REMOVAL OF ACTION**<br><br>Class Action Fairness Act<br><br>Date Action Filed: August 5, 2014 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, Defendant WhiteWave Foods Company ("WhiteWave"), contemporaneously with the filing of this Notice, is effecting the removal of the above-captioned action from the Superior Court of the State of California, in and for the County of San Diego, to the United States District Court, Southern District of California.

1. On or about August 5, 2014, Plaintiff Marcy Krinsk ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of San Diego entitled *Marcy Krinsk, individually and on behalf of all others similarly situated v. WhiteWave Foods Company, The Vons Companies, Inc., Safeway Inc., and Does 1 through 50, inclusive*, Case No. 37-2014-00026075-CU-BT-CTL (the "Action"). Attached hereto as Exhibit "A" are true and correct copies of the Summons and Complaint, State Civil Case Cover Sheet, Stipulation to Use Alternative Dispute Resolution (ADR) and related information packet, Notice of Case Assignment, General Order of the Presiding Department re electronic filing, and Electronic Filing Requirements of the San Diego Superior Court – Central Civil Division (collectively the "Complaint").

2. Exhibit "A" constitutes all the process, pleadings, notices and orders delivered to any party in the Action. Those documents are hereby incorporated by reference.

3. On August 11, 2014, WhiteWave was served with the Complaint via its registered agent for service of process. Accordingly, this Notice of Removal is timely as it is filed within thirty (30) days of WhiteWave's receipt of the Complaint. See 28 U.S.C. § 1446(b).

4. WhiteWave produces and sells various dairy and other food products and was the first company to supply organic milk nationally. WhiteWave produces, among other things, DHA Omega-3 fortified organic milks and soy milks under its

41299.021-2055134

DEFENDANT WHITEWAVE FOODS COMPANY'S NOTICE OF REMOVAL OF ACTION

Horizon and Silk brands. DHA is a long-chain, polyunsaturated fatty acid that is a known critical component of cell membranes, particularly in the brain and retina. DHA is the major structural fat in the brain and is essential to normal growth in infants and children and provides various clinically documented health benefits to adults. Due to its known health benefits, DHA in an ingredient in nearly 100% of infant formulas and hundreds of food and supplement products around the world.

5. In 2007, WhiteWave began fortifying its Horizon brand organic milk with 32 mg of DHA per 8 ounce serving. Since then, WhiteWave has promoted its Horizon and Silk DHA products with limited statements regarding the role of DHA in human health, including "DHA Omega-3 Supports Brain Health" (the "brain health representation").

6. Plaintiff brings a class action complaint, seeking damages, restitution and injunctive relief against WhiteWave based on its labeling and sale of Horizon Organic Milk with DHA Omega-3 and Silk Soy Milk with DHA Omega-3 (the "DHA products"). Plaintiff alleges she purchased "several dozen one-half gallon cartons of Horizon Organic Reduced Fat Milk plus DHA" over a four and a half year period beginning in January 2009. Complaint ¶ 12. Her purchases were allegedly based on the brain health representation, which Plaintiff contends is false or misleading because WhiteWave allegedly "does not have competent, credible and reliable scientific evidence to support its brain health representations." Complaint ¶¶ 2, 12. Plaintiff alleges that, based on the brain health representation, she paid a "significant price premium" of between .20 and .50 cents more than what she would have paid for other comparable products. Complaint ¶ 4.

7. Based on these contentions, Plaintiff seeks to represent a class of all California consumers who purchased WhiteWave's DHA products within the statute of limitations period. Complaint ¶ 48. Plaintiff pleads three causes of action: (1) Violation of California Business and Professions Code section 17200, *et seq.*; (2)

Violation of the California Consumer Legal Remedies Act, Civil Code section 1750 *et seq.*, and (3) Breach of Express Warranty. Complaint ¶¶ 70-82.

8. This Action is identical in nature and scope to a case filed in this Court on September 27, 2011, styled *Evereth Barrera v. Dean Foods, Inc., et al.*, Case No. 3:11-cv-02249-MMA-POR (the "*Barrera* Action"). Indeed, Plaintiff's Complaint is a near verbatim copy of the *Barrera* Complaint filed in 2011. A true and correct copy of the *Barrera* Complaint is attached hereto as Exhibit "B." Like Plaintiff, *Barrera* seeks to represent a class of California consumers who purchased WhiteWave's DHA products. Like Plaintiff, *Barrera* contends that WhiteWave's brain health representation is false or misleading because it is not supported by sufficient science.

9. The *Barrera* Action remains pending in United States District Court for the Southern District of Florida in the matter *In Re: Horizon Organic Milk Plus DHA Omega-3 Marketing and Sales Practice Litigation*, Case No. 1:12-MD-2324-LENARD (the "MDL Action"). The *Barrera* Action was transferred from this Court to the Southern District of Florida by the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 1407. The Judicial Panel found that the *Barrera* Action involved common questions of fact and law with four other putative class actions, also filed in 2011 in various federal district courts: *Steven Hulsey v. Dean Foods Company, et al.*, Case No. 5:11-05251 (W.D. Ark.); *Dr. Brie Gindele, et al. v. Dean Foods, Inc., et al.*, Case No. 2:11-00600 (M.D. Fla.); *Michelle Schucher v. WhiteWave Foods Company*, Case No. 1:11-23807 (S.D. Fla.), and *Jamie Walker v. Dean Foods, Inc., et al.*, Case No. 1:11-06944 (N.D. Ill.). The Judicial Panel's transfer order is attached hereto as Exhibit "C." In particular, the Judicial Panel found that *Barrera* and the other four related actions "aris[e] out of the allegations that defendants' representations regarding certain milk products fortified with DHA Omega-3 under the brand name 'Horizon Organic Milk' were misleading insofar as

they claimed that the milk supports 'brain health' in children and adults." See Exhibit "C."

10. Since the Judicial Panel's February 9, 2012 "Transfer Order," two additional 2012 class actions were transferred into the MDL as tag-alongs. Those cases are: *Sarah A. English v. WhiteWave Foods Company*, filed June 27, 2012 in the Western District of Missouri, Case No. 4:12-cv-00774-DGK; and *Colleen Auer, et al. v. WhiteWave Foods Company*, filed April 25, 2012 in the District of Arizona, Case No. 2:12-cv-00865-SRB.

11. The MDL Action has been heavily litigated over the past two and a half years and remains pending before the Honorable Joan A. Lenard in the Southern District of Florida. In the MDL Action, WhiteWave has produced nearly a quarter million documents and records. Over twenty depositions have been taken, including the named plaintiffs, and WhiteWave's representatives and consultants. There has been extensive third-party discovery from DSM/Martek Biosciences, including the production of thousands of additional pages of documents. Plaintiffs in the MDL Action designated two experts, one on science and DHA and another on damages. WhiteWave has designated five experts, including experts on brain health and DHA, FDA issues, marketing and consumer surveys and a rebuttal damages expert. All seven experts in the MDL Action have already provided their expert reports and have been deposed.

12. In November 2013, seven different motions for class certification were filed in the MDL Action, seeking to certify classes of all purchasers of WhiteWave's DHA products in California, Arizona, Illinois, Arkansas, Missouri and Florida. Those class certification motions are fully briefed and are presently under submission. There are two *Daubert* motions to exclude experts presently under submission, and the Court has already granted WhiteWave's *Daubert* motion to exclude Plaintiffs' science/DHA expert. On May 16, 2014, WhiteWave filed seven motions for summary judgment, as to all cases and claims. The briefing on

summary judgment is stayed while Plaintiffs challenge the Court's exclusion of their science expert. Trial was set for October 6, 2014. However, on August 18, 2014, the Court vacated the trial date in light of the motions under submission. The trial date will likely be re-set once there are rulings on the pending class certification motions.

13. **Federal Diversity Jurisdiction Exists Under the Class Action Fairness Act of 2005 ("CAFA")**. This Action, like all others pending in the MDL Action, is a civil action which may be removed to this Court by WhiteWave pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1441 and 1453 in that the matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332(d), and is a class action in which, at the time the Complaint was filed and at the time of this Notice of Removal, any member of a class of plaintiffs is a citizen of a State different from any defendant, as shown in more detail below. CAFA provides that a class action against a non-governmental entity may be removed if (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a State different from any defendant; and (3) the aggregate amount in controversy, exclusive of interest and costs, exceeds the amount set forth in 28 U.S.C. § 1332(d).

14. **Diversity of Citizenship**: At all times herein mentioned, Plaintiff Marcy Krinsk was and still is a citizen of the State of California, residing in San Diego County California. Complaint ¶ 12. Plaintiff seeks to represent a class of "[a]ll consumers who, while a resident of California resident [sic], and within the applicable statute of limitations period, purchased [WhiteWave's] DHA-fortified milk products." Complaint ¶ 48. At all times herein mentioned, WhiteWave was, and at the time of the filing of the Action, and still is as of the date of this removal, a citizen of the States of Colorado and Delaware; is incorporated, organized and existing under the laws of the State of Delaware, and has its principal place of

41299.021-2055134         5         Case No. _____
DEFENDANT WHITEWAVE FOODS COMPANY'S NOTICE OF REMOVAL OF ACTION

business in Broomfield, Colorado. Complaint ¶ 13. Accordingly, there is sufficient minimal diversity under CAFA to merit removal. See 28 U.S.C. § 1332(d)(2)(A).

15.     The Complaint also names defendants The Vons Companies, Inc. ("Vons") and Safeway Inc. ("Safeway") and alleges Vons and Safeway are "headquartered in Pleasanton, California." Complaint ¶ 14. The naming of Vons and Safeway as defendants constitutes "fraudulent" or "sham" joinder for the reasons discussed below. But even if their joinder is proper, it still does not destroy minimal diversity under CAFA. Pursuant to 28 U.S.C. § 1332(d)(4)(i)-(ii), "[a] district court shall decline to exercise jurisdiction under paragraph (2)" if "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;" and "at least 1 defendant is a defendant—*from whom significant relief is sought* by members of the plaintiff class; *whose alleged conduct forms a significant basis for the claims* asserted by the proposed plaintiff class; and who is a citizen of the State in which the action was originally filed." (Emphasis added).

16.     Here, while Plaintiff has filed suit in California, alleges a California-only class, and has named California companies Vons and Safeway, Plaintiff is not seeking "significant relief" from these retail defendants, nor does the alleged conduct of the nondiverse defendants form "a significant basis for the claims asserted." Plaintiff does not allege that either Vons or Safeway were involved in WhiteWave's labeling representation that forms the basis of the Action. All Plaintiff alleges is that Vons and Safeway "have served (and continue to serve) as significant sales locations of" WhiteWave's DHA products." Complaint ¶ 14. As discussed below, there is no liability for Vons and Safeway under these circumstances, which smack of fraudulent joinder. Moreover, Plaintiff cannot be seeking "significant relief" in the Action from these two retail outlets for merely selling the DHA products, especially when she alleges that WhiteWave's "*DHA-*

*fortified milk products are sold at virtually every major food, drug, and mass retail outlet in California.*" Complaint ¶ 18 (emphasis added).

17. 28 U.S.C. § 1332(d)(4) does not divest this Court of removal jurisdiction for the additional reason that other similar actions have been filed against WhiteWave within the past three years. Pursuant to 28 U.S.C. § 1332(d)(4)(A)(ii), the Court shall decline to exercise jurisdiction over a class action only if "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." As set forth above, seven other similar class actions have been filed in the past three years against WhiteWave, asserting the same factual allegations as Plaintiff. Those actions all remain pending in the MDL Action in the Southern District of Florida.

18. **Fraudulent Joinder**: A nondiverse party named in the state court action may be disregarded if the federal court determines that party's joinder is a "sham" or is "fraudulent" so that no possible cause of action has been stated against that party. Morris v. Princess Cruises, Inc. (9th Cir. 2001) 236 F.3d 1061, 1067; Stillwell v. Allstate Ins. Co. (11th Cir. 2011) 663 F.3d 1329, 1333. A common example of fraudulent joinder is when the plaintiff names as a codefendant a party domiciled in the same state as the plaintiff, thus defeating diversity of citizenship. See Yellen v. Teledyne Continental Motors, Inc. (E.D. Pa. 2011) 832 F.Supp.2d 490, 501. Fraudulent joinder "does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, *or in fact* no cause of action exists. In other words, a joinder is fraudulent if there is no real intention to get a joint judgment, and . . . there is no colorable ground for so claiming." AIDS Counseling & Testing Ctrs. v. Group W Television, Inc. (4th Cir. 1990) 903 F.2d 1000, 1003; see also McCabe v. General Foods Corp. (9th Cir. 1987) 811 F.2d 1336, 1339.

19. Plaintiff's Action is based on the contention that WhiteWave's DHA products were falsely or deceptively labeled or marketed. Plaintiff does not allege that the nondiverse defendants Vons or Safeway engaged in any conduct relating to WhiteWave's labeling or marketing of DHA products. Rather, all that is alleged is that Vons and Safeway operate grocery stores in California at which WhiteWave's DHA products are sold at retail. Complaint ¶ 14. Courts in various jurisdictions have held that joining retailers with no individual basis of liability is fraudulent.[1] In Burke, et al. v. The Procter & Gamble Manufacturing Company, et al., (E.D.Mo.) 4:10-cv-1136, removal was based on fraudulent joinder of local grocery store where the product at issue was allegedly purchased. After transfer from the Eastern District of Missouri to the MDL court in the Southern District of Florida, the court denied plaintiff's motion to remand.

20. See also Wichmann v. Proctor (sic) & Gamble Mfg.Co., No. 4:06-CV-1457 HEA, 2006 WL 3626904 (E.D. Mo. Dec. 11, 2006); see also Spears v. Bayer Corp., No. 03-1151-CV-W-GAF, 2004 U.S. Dist. LEXIS 29732 (W.D. Mo. Mar. 29, 2004); Beuke v. Pharmacia & Upjohn Co., No. 4:99-CV-1606 CEJ, 2000 WL 34430453, at *2 (E.D. Mo. Sept. 14, 2000); In re: Diet Drugs (E.D. Penn. 2002) 220 F.Supp.2d. 414, 424 ("[T]here is a pattern of [retailer] pharmacies being named in complaints, but never pursued to judgment, typically being voluntarily dismissed at some point after the defendants' ability to remove the case has expired"; In re Yasmin & Yaz (Drospiernone) Mktg., Sales Practices & Relevant Prod. Liab. Litig., No. 3:09-MD-02100-DRH-PMF, 2011 WL 1885408, at *3 (S.D. Ill. May 17, 2011).

21. **Matter in Controversy in Excess of $5,000,000**: In the Complaint, Plaintiff alleges that the matter in controversy "likely does not exceed the sum or

---

[1] Further confirming fraudulent joinder, no plaintiff in the MDL Action has named or joined a retailer of WhiteWave's DHA products. The MDL Action plaintiffs (and all nine of them) are seeking judgment *only* against WhiteWave based on the exact claims Plaintiff makes in the Action.

value of $5,000,000." Complaint ¶ 6. This allegation is aimed at avoiding removal jurisdiction, and should be disregarded. Plaintiff seeks to represent every California purchaser of WhiteWave's DHA products, going back as far as five years. See Complaint ¶ 48. Plaintiff alleges the products at issue are sold at virtually every retail outlet in the state at a price of $5.00 to $6.00, and seeks to recoup those purchase prices (or portions of them) as well other restitution, damages, and injunctive relief on behalf of the class. Complaint ¶ 18. The Complaint easily alleges a class of over one hundred potential members. The $5 million jurisdictional minimum required to remove a complaint under CAFA may be based on aggregation of the claims of all potential class members. 28 U.S.C. § 1332(d). The aggregated potential claims of all purchasers of WhiteWave's DHA products in California exceed the jurisdictional minimum.[2] Moreover, all complaints in the MDL Action—which are based on the same allegations Plaintiff states—allege the matter in controversy exceeds $5,000,000. See e.g. *Barrera* Complaint ¶ 5, Exhibit "B." The MDL court has continued to exercise jurisdiction over those actions under CAFA, confirming the jurisdictional amount in controversy is satisfied by Plaintiff's allegations in the Action. Accordingly, the Action is removable under CAFA in that the number of proposed class members is not less than 100 and the aggregated amount in controversy exceeds the sum specified in 28 U.S.C. § 1332(d).

22. **Notice of Tag-Along**: Concurrent with this Notice of Removal, WhiteWave is filing a "Notice of Tag-Along Action" before the Judicial Panel on Multidistrict Litigation, in the matter *In Re: Horizon Organic Milk Plus DHA Omega-3 Marketing and Sales Practice Litigation*, MDL Docket No. 2324.

---

[2] This Notice of Removal is based on the allegations of the Complaint. In arguing that Plaintiff has alleged facts sufficient to demonstrate removability under CAFA, WhiteWave does not admit any of Plaintiff's allegations in the Complaint. WhiteWave does not admit that the Complaint states a claim upon which relief may be granted, nor does WhiteWave admit that Plaintiff is entitled to any damages, class certification, or any of the other relief requested in the Complaint.

WhiteWave will seek to have the Action consolidated in the MDL as a tag-along pursuant to 28 U.S.C. § 1407. This Action shares common questions of fact and law with the cases already transferred by the Judicial Panel, and now part of MDL-2324.

23. Counsel for WhiteWave certifies, pursuant to 28 U.S.C. § 1446(d), that it will promptly give notice of filing this Notice of Removal to Plaintiff through her counsel of record and will promptly file with the Clerk of the Superior Court of the State of California, County of San Diego a copy of the Notice of Removal.

Dated: August 25, 2014           LINER LLP

By: */s/ Angela C. Agrusa*
Angela C. Agrusa
Attorneys for Defendant
WHITEWAVE FOODS COMPANY